J. S11042/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| SHAUN PATRICK AUSTIN, | : | No. 1876 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order Entered May 8, 2018,
in the Court of Common Pleas of Northampton County
Criminal Division at No. CP-48-CR-0002008-2008

BEFORE:  SHOGAN, J., MURRAY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED MAY 08, 2019**

Shaun Patrick Austin appeals ***pro se*** from the May 8, 2018 order entered in the Court of Common Pleas of Northampton County denying, and dismissing without a hearing, his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

A previous panel of this court summarized the procedural history of this case as follows:

> On September 18, 2009, a jury convicted [a]ppellant of 96 counts of possession of child pornography.[Footnote 1]  On December 22, 2009, the trial court sentenced [a]ppellant to an aggregate 72 to 192 years' incarceration. ***See Commonwealth v. Austin***, 66 A.3d 798, 801 (Pa. Super. [2013]), ***aff'd***, 77 A.3d 1258 (Pa. 2013) (table).  On direct appeal, this [c]ourt affirmed [a]ppellant's convictions, but held that his sentence was excessive, and remanded for resentencing.  On January 13, 2012, the trial court held a new sentencing hearing, after which

it imposed an aggregate sentence of 35 to 70 years' incarceration. Appellant filed another direct appeal, and we affirmed the judgment of sentence on May 13, 2013. *Austin*, 66 A.3d at 810. The Pennsylvania Supreme Court denied [a]ppellant's petition for allowance of appeal on October 22, 2013. *Austin*, 77 A.3d 1258.

[Footnote 1] 18 Pa.C.S.[A.] § 6312(d).

On February 28, 2014, [a]ppellant filed a timely PCRA petition. Appointed counsel filed an amended PCRA petition, and, after conducting hearings, the PCRA court denied relief on April 10, 2015. Appellant filed a timely appeal, which ultimately was discontinued upon praecipe of [a]ppellant's counsel on December 10, 2015. In the meantime, on May 8, 2015, [a]ppellant filed [a *pro se nunc pro tunc* PCRA petition]. The PCRA court explained:

> On May 8, 2015, [appellant] filed a pro se document entitled "Pro Se Nunc Pro Tunc PCRA." Therein, [appellant] memorialized his intention to discontinue the representation of his prior PCRA counsel, and he sought to reinstate a PCRA petition filed on February 28, 2014, as amended to include [myriad other issues].

PCRA Ct. Op., 6/17/16, at 1. Treating this filing as a serial PCRA petition, the PCRA court concluded that it was untimely and that [a]ppellant did not raise or prove a time-bar exception.

*Commonwealth v. Austin*, No. 886 EDA 2016, unpublished memorandum at 1-2 (Pa.Super. filed December 21, 2016). Appellant filed a timely *pro se* notice of appeal, and this court affirmed the PCRA court's denial of appellant's PCRA petition. *Id.* No further appeal was taken.

On February 13, 2018, appellant filed a **_pro se_** "Writ of Habeas Corpus Ad Subjiciendum."  Pursuant to 42 Pa.C.S.A. § 9542, the PCRA court treated appellant's filing as a PCRA petition.  (PCRA court order, 4/10/18.)

On April 11, 2018, the PCRA court notified appellant pursuant to Pa.R.Crim.P. 907(1) of its intent to dismiss the PCRA petition as untimely.  Appellant did not respond.  On May 8, 2018, the PCRA court dismissed the PCRA petition.  (PCRA court order, 5/8/18.)

On June 1, 2018, appellant filed a timely **_pro se_** notice of appeal.  The PCRA court directed appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  Appellant timely complied.  The PCRA court subsequently filed its Rule 1925(a) statement in which it incorporated its orders of April 10, 2018 and May 8, 2018, as setting forth the reasons for its dismissal of appellant's PCRA petition.

Appellant raises the following issues for our review:

> 1. Is [h]abeas [c]orpus the proper venue to challenge abandonment/ineffectiveness of counsel, when first PCRA petition was not decided before the time bar[?]
>
> 2. Should the instant petition be treated as [a] continuation of [the] first petition, when issues in [the] first petition where abandoned, and [the] instant petition is asking that abandoned issues be addressed[?]

Appellant's brief at 3.[1]

With respect to appellant's first issue, the PCRA court properly treated appellant's petition for writ of **habeas corpus** as a serial PCRA petition because the PCRA is the sole means by which a defendant may obtain collateral relief and subsumes the remedy of **habeas corpus** with respect to remedies offered under the PCRA. 42 Pa.C.S.A. § 9542 (providing that the PCRA "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose . . . , including **habeas corpus**"); **see also Commonwealth v. Descardes**, 136 A.3d 493, 497-498 (Pa. 2016) (same; citing 42 Pa.C.S.A. § 9542); 42 Pa.C.S.A. § 6503(b) ("[**H**]**abeas corpus** shall not be available if a remedy may be had by [the PCRA]."); 18 Pa.C.S.A. § 9543(a)(2)(ii) (the PCRA specifically provides relief for claims of ineffectiveness of counsel). As a result, appellant's first claim necessarily fails.

Appellant next claims that his current untimely PCRA petition should be treated as an extension of his first timely PCRA petition. In order to be timely filed, a PCRA petition, including second and subsequent petitions, must be filed within one year of when an appellant's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the

---

[1] This court notes that although appellant raised a multitude of issues in his Rule 1925(b) statement, appellant has abandoned all but the two issues identified above on appeal.

- 4 -

United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The Pennsylvania Supreme Court has held that the PCRA's time restriction is constitutionally sound. *See Commonwealth v. Cruz*, 852 A.2d 287, 292 (Pa. 2004). In addition, our supreme court has instructed that the timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, a court lacks jurisdiction over the petition. *See Commonwealth v. Callahan*, 101 A.3d 118, 120-121 (Pa.Super. 2014); *see also Commonwealth v. Wharton*, 886 A.2d 1120 (Pa. 2005).

Here, the trial court sentenced appellant on January 13, 2012. This court affirmed the judgment of sentence on May 13, 2013. Our supreme court denied review on October 22, 2013. Appellant did not seek discretionary review with the Supreme Court of the United States. Consequently, appellant's judgment of sentence became final on January 21, 2014, 90 days after the expiration of the time for seeking discretionary review with the Supreme Court of the United States.[2] *See* U.S. Sup. Ct. R. 13(1) ("A petition for a writ of *certiorari* seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying

---

[2] We observe that the 90th day upon which to file an appeal fell on the birthday of Martin Luther King, Jr., a federal holiday (*see* 5 U.S.C. § 6103(a)), so the judgment of sentence became final on the following day. *See* U.S. Sup. Ct. R. 30(1).

discretionary review."); *see also* 42 Pa.C.S.A. § 9545(b)(3). Appellant filed his PCRA petition on February 13, 2018, more than four years after the judgment of sentence became final. Therefore, appellant's PCRA petition is patently untimely.

If a PCRA petition is untimely filed, the jurisdictional time-bar can only be overcome if appellant alleges and proves one of the three statutory exceptions, as set forth in 42 Pa.C.S.A. § 9545(b)(1). *See Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017). The three narrow statutory exceptions to the one-year time-bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-234 (Pa.Super. 2012), citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii).

Here, in an attempt to circumvent the jurisdictional time-bar, appellant claims that his current untimely PCRA petition is an extension of his previously filed timely PCRA petition. (Appellant's brief at 18-23.) Our supreme court has rejected the "extension theory exception" that appellant attempts to invoke. *See Commonwealth v. Robinson*, 837 A.2d. 1157, 1158, 1162 (Pa. 2003) ("Once a PCRA petition has been decided and the ruling on it has become final, there is nothing for a subsequent petition or pleading to 'extend.'"). "The PCRA confers no authority upon this [c]ourt to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those

exceptions expressly delineated in the Act." ***Commonwealth v. Eller***, 807 A.2d 838, 845 (Pa. 2002). Therefore, this claim fails.

A reading of appellant's PCRA petition demonstrates that appellant has failed to plead and prove one of the three statutory exceptions to the PCRA time-bar. Therefore, the PCRA court lacked jurisdiction over the PCRA petition, and we may not review it on appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/8/19